MORRIS LAW GROUP
Robert McCoy, Bar No. 9121
Email: rrm@morrislawgroup.com
Rex D. Garner, Bar No. 9401
Email: rdg@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 474-9400
Facsimile: (702) 474-9422

Attorneys for Defendant
First National Collection Bureau, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSICA BEELL, individually on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST NATIONAL COLLECTION BUREAU, INC., a Nevada corporation,<br><br>Defendant. | Case No.: 2:13-cv-01303-KJD-CWH<br><br>**DEFENDANT FIRST NATIONAL COLLECTION BUREAU, INC.'S ANSWER** |

The defendant, First National Collection Bureau, Inc. ("FNCB"), answers Plaintiff's complaint as follows:

In response to the introductory paragraph of Plaintiff's complaint, FNCB admits that Plaintiff purports to bring a putative class action against FNCB seeking various forms of relief. FNCB denies that it violated any law in this matter that would entitle Plaintiff to such relief, and further denies that a class exists.

# I.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS

1.   In response to paragraph 1 of Plaintiff's complaint, FNCB admits that it attempts to collect debts on behalf of third parties. FNCB lacks knowledge and information sufficient to either admit or deny the remaining allegations set forth in paragraph 1 of Plaintiff's complaint and, therefore, denies the same.

2.   FNCB denies the allegations set forth in paragraph 2 of Plaintiff's complaint.

3.   FNCB denies the allegations set forth in paragraph 3 of Plaintiff's complaint.

4.   In response to paragraph 4 of Plaintiff's complaint, FNCB denies that a class exists. FNCB lacks knowledge and information sufficient to either admit or deny the remaining allegations set forth in paragraph 4 of Plaintiff's complaint and, therefore, denies the same.

5.   FNCB denies the allegations set forth in paragraph 5 of Plaintiff's complaint.

6.   In response to paragraph 6 of Plaintiff's complaint, FNCB admits that Plaintiff purports to paraphrase portions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and denies the allegations set forth therein to the extent, if any, that they misinterpret or misconstrue the TCPA. FNCB further denies that a class exists. FNCB lacks knowledge and information sufficient to either admit or deny the remaining allegations set forth in paragraph 6 of Plaintiff's complaint and, therefore, denies the same.

7.   In response to paragraph 7 of Plaintiff's complaint, FNCB admits that Plaintiff seeks the relief requested therein, but denies that Plaintiff or any of the putative class members are entitled to such relief because FNCB did not violate the TCPA or any other law in this matter.

2

8. FNCB lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 8 of Plaintiff's complaint and, therefore, denies the same.

9. In response to paragraph 9 of Plaintiff's complaint, FNCB admits that it is a Nevada corporation, and denies the remaining allegations therein.

10. In response to paragraph 10 of Plaintiff's complaint, FNCB admits that it attempts to collects debts on behalf of third parties from individuals located throughout the United States, including individuals in this District. FNCB lacks knowledge and information sufficient to either admit or deny the remaining allegations set forth in paragraph 10 of Plaintiff's complaint and, therefore, denies the same.

11. FNCB lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 11 of Plaintiff's complaint and, therefore, denies the same.

12. FNCB lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 12 of Plaintiff's complaint and, therefore, denies the same.

13. In response to paragraph 13 of Plaintiff's complaint, FNCB denies that it placed and continues to place repeated and harassing phone calls to consumers. FNCB lacks knowledge and information sufficient to either admit or deny the remaining allegations set forth in paragraph 13 of Plaintiff's complaint and, therefore, denies the same.

14. FNCB lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 14 of Plaintiff's complaint and, therefore, denies the same.

15. FNCB lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 15 of Plaintiff's complaint and, therefore, denies the same.

16. FNCB lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 16 of Plaintiff's complaint and, therefore, denies the same.

17. FNCB lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 17 of Plaintiff's complaint and, therefore, denies the same.

18. FNCB denies the allegations set forth in paragraph 18 of Plaintiff's complaint.

19. FNCB lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 19 of Plaintiff's complaint and, therefore, denies the same.

20. FNCB lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 20 of Plaintiff's complaint and, therefore, denies the same.

21. FNCB denies the allegations set forth in paragraph 21 of Plaintiff's complaint.

22. In response to paragraph 22 of Plaintiff's complaint, FNCB admits that Plaintiff purports to bring a putative class action on behalf of herself and a class of individuals as defined therein, but denies that it violated any law and denies that a class exists.

23. FNCB denies the allegations set forth in paragraph 23 of Plaintiff's complaint.

24. FNCB denies the allegations set forth in paragraph 24 of Plaintiff's complaint.

25. FNCB denies the allegations set forth in paragraph 25 of Plaintiff's complaint.

26. FNCB denies the allegations set forth in paragraph 26 of Plaintiff's complaint, and all of its subparts.

4

27. FNCB denies the allegations set forth in paragraph 27 of Plaintiff's complaint.

28. In response to paragraph 28 of Plaintiff's complaint, FNCB restates and realleges paragraphs 1 through 27 of this answer as though fully set forth herein.

29. FNCB lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 29 of Plaintiff's complaint and, therefore, denies the same.

30. FNCB lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 30 of Plaintiff's complaint and, therefore, denies the same.

31. FNCB lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 31 of Plaintiff's complaint and, therefore, denies the same.

32. FNCB denies the allegations set forth in paragraph 32 of Plaintiff's complaint.

33. FNCB denies the allegations set forth in paragraph 33 of Plaintiff's complaint.

34. Paragraph 34 of Plaintiff's complaint contains a legal conclusion that does not require a response from FNCB. To the extent that a response is required, FNCB denies that it is responsible for any alleged damages in this case because its conduct complied with the TCPA and other applicable laws.

35. Answering the prayer for relief beginning with "WHEREFORE," FNCB denies that Plaintiff is entitled to any relief.

36. FNCB denies any additional allegations not specifically admitted.

## II.
## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by Plaintiff's unclean hands.

### THIRD DEFENSE

On information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim, or controversy that arises out of the transaction that is the subject matter of the instant litigation.

### FOURTH DEFENSE

FNCB's actions have not been willful or knowing, to the extent that they violate any law, which FNCB denies.

### FIFTH DEFENSE

On information and belief, Plaintiff and the putative class members may have provided consent to be contacted on their cellular telephones, if any such contact was made.

### SIXTH DEFENSE

This lawsuit may not be maintained as a class action because, among other things, Plaintiff and the putative class members are not similarly situated and the potential claims of the purported class members reflect variability.

### SEVENTH DEFENSE

FNCB may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that FNCB does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the

nature of the claims for damages and certain costs that Plaintiff alleges FNCB may be fully or partially responsible for. FNCB, therefore, reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged claims for damages and costs, and upon the development of other pertinent information.

### III.
### PRAYER FOR RELIEF

WHEREFORE, FNCB prays for an order and judgment of this Court in its favor and against Plaintiff as follows:

1. Dismissing all causes of action against it with prejudice and on the merits; and

2. Awarding it such other and further relief as the Court deems just and equitable.

MORRIS LAW GROUP

By: /s/ Robert McCoy
Robert McCoy, Bar No. 9121
Rex D. Garner, Bar No. 9401
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

Attorneys for Defendant
First National Collection Bureau, Inc.

7

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS LAW GROUP, and that the following documents were served via electronic service: **DEFENDANT FIRST NATIONAL COLLECTION BUREAU, INC.'S ANSWER**

TO:
Marc P. Cook
Bailus Cook & Kelesis, Ltd.
517 South 9th Street
Las Vegas, Nevada 89101

Attorney for Plaintiff

Dated this 23rd day of September, 2013.

By: /s/ Tricia Logalls

8