BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re First National Collection Bureau, Inc.
Class Action Litigation                      MDL No. _____

**MOTION OF DEFENDANT FIRST NATIONAL COLLECTION BUREAU, INC. FOR TRANSFER OF ACTIONS TO THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

        FIRST NATIONAL COLLECTION BUREAU, INC. ("FNCB"), the sole defendant in each of the three identical putative class actions at issue, respectfully moves this court for an order pursuant to 28 U.S.C. §1407, transferring to the Honorable Janis L. Sammartino, United States District Judge for the Southern District of California, for pre-trial consolidation the three class actions listed in the accompanying Schedule of Actions that allege FNCB's collection practices constitute a violation of the Telephone Communications Protection Act ("TCPA").

        1.      Consolidation of the three class actions in the Southern District of California is warranted because all the actions involve claims against FNCB with common – in fact, virtually identical - questions of fact and law regarding FNCB's purported TCPA violations. Each action alleges that FNCB violated the TCPA through its purported use of an automatic telephone dialing system and an artificial or prerecorded voice to place unsolicited debt collection calls to the cellular phones of the named plaintiffs and the class members without their consent.

        2.      The purported classes coincide in both scope and time.

        3.      The overlap in the three cases will invariably generate duplicative motion practice, discovery requests and disputes. Consolidation of the three cases will eliminate such

duplication, along with the avoidance of potentially inconsistent rulings.   Plus, the resources of the courts and the litigants will be conserved.

     4.     The Southern District of California where the *Hunter* case is already venued,  is the most appropriate forum to preside over the consolidated class actions because it is the natural mid-point location of the  transferee districts and easily accessible by the parties and counsel.  It also has the resources and judicial expertise to handle the three related class actions.

Respectfully submitted,

GORDON & REES LLP

DATED: February 3, 2014               _____/s/_____

                       GARY J. LORCH

                       AMY MACLEAR

                       Attorneys for Defendant

GARY J. LORCH (SBN: 119989)
glorch@gordonrees.com
AMY MACLEAR (SBN: 215638)
amaclear@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 262-3763

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re First National Collection Bureau, Inc.
Class Action Litigation                                   MDL No. _____

**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF DEFENDANT
FIRST NATIONAL COLLECTION BUREAU, INC.'S MOTION FOR TRANSFER AND
CONSOLIDATION OF RELATED ACTIONS PURSUANT TO 28 U.S.C. § 1407**

FIRST NATIONAL COLLECTION BUREAU, INC. ("FNCB"), the sole defendant in

each of the three class action cases, respectfully submits this brief in support of its motion,

pursuant to 28 U.S.C. §1407, for an order transferring to the Honorable Janis L. Sammartino,

United States District Judge for the Southern District of California,[1] for pre-trial consolidation

the three identical putative class actions (listed in the accompanying Schedule of Actions) that

allege FNCB's collection practices constitute a violation of the Telephone Communications

Protection Act[2] ("TCPA").

## I.        Introduction and Summary of Position

Consolidation of the three class actions in the Southern District of California is warranted

because all the actions involve claims against FNCB with common – in fact, virtually identical -

questions of fact and law regarding FNCB's purported TCPA violations. Each action alleges that

FNCB violated the TCPA through its purported use of an automatic telephone dialing system and

an artificial or prerecorded voice to place unsolicited debt collection calls to the cellular phones

of the named plaintiffs and the class members without their consent.   And the purported classes

---

[1] Judge Sammartino currently presides over one of the cases subject of this Motion, *Nanette Hunter v. First National Collection Bureau, Inc.*, United States District Court Case No. 13-cv-01515-JSL-KSC (the "*Hunter* case").

[2] 47 U.S.C. § 227 *et seq.*

1

coincide in both scope and time.  The overlap in the three cases will invariably generate

duplicative motion practice, discovery requests and disputes.  Consolidation of the three cases

will eliminate such duplication, along with the avoidance of potentially inconsistent rulings.

Plus, the resources of the courts and the litigants will surely be conserved.

      The Southern District of California where the *Hunter* case is already venued,  is the most

appropriate forum to preside over the consolidated class actions because it is the natural mid-

point location of the  transferee districts and easily accessible by the parties and counsel.  It also

has the resources and judicial expertise to handle the three related class actions.

**II.  Pertinent Factual Background**

      The factual predicate for each case is essentially the same: Plaintiffs each allege that

FNCB, which is in the business of collecting debts on behalf of various third parties, violated the

TCPA by its purported use of an automatic telephone dialing system ("ATDS") and an artificial

or prerecorded voice to place unsolicited debt collection calls to the cellular cell phones of the

named plaintiffs and the putative class members without their consent.  A summary of each

action's allegations follows.

      On June 17, 2013, Plaintiff Claudette Neal ("Neal") filed in the Eastern District of

California a Class Action Complaint in the action entitled *Claudette Neal v. First National*

*Collection Bureau, Inc.*, Case No. 13-cv-01206-WBS-CKD (the "*Neal* action").  In her

Complaint, Ms. Neal alleges that FNCB violated the TCPA through its purported use of an

automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice to place

unsolicited debt collection calls to the cellular phones of Neal and the class members without

their consent.  The *Neal* Action purports to be brought on behalf of the following defined class:

2

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

The purported Class period dates back four (4) years from the date the action was filed to June 17, 2009.

Just days later, on June 28, 2013, the *Hunter* action was commenced. As demonstrated by the Class Action Complaint filed by Ms. Hunter, she set forth nearly identical allegations about FNCB's purported violation of the TCPA, and includes the following similarly class definition:

> All persons within the United States who received any telephone calls from Defendant or their agents to said person's cellular telephone through the use of any automatic telephone dialing system or with an artificial or prerecorded voice who did not provide prior express consent during the transaction that resulted in the debt owed, within the four years prior to the filing of the Complaint in this action.

The purported class period in the *Hunter* action commences on June 28, 2009.

Lastly, only one month later, Jessica Beell filed in the United States District Court for Nevada a Class Action Complaint against FNCB, entitled *Jessica Beell v. First National Collection Bureau, Inc.*, Case No. 13-cv-01303-KJD-CWH (the "*Beell*" action"). The Complaint filed in the *Beell* action contains nearly indistinguishable allegations about FNCB's purported violation of the TCPA, and also contains the following nearly identical class definition:

> All individuals in the United States who (1) received a telephone call; (2) made by or on behalf of Defendant First National Collection Bureau, Inc.; (3) on a cellular telephone number; (4) that the call recipient did not provide directly to Defendant or a third party lender, creditor, or retailer at the time he or she allegedly incurred the debt underlying the telephone call.

The Beell purported class period runs from July 23, 2009.

The three cases are in a similar procedural posture, with answers having been filed by FNCB and no pending class certification motions. Discovery has not been commenced in either the *Hunter* action or the *Beell* action, and remains in its infancy in the *Neal* action.[3]

## III.     Argument

In evaluating a motion for transfer and consolidation, the Panel considers whether the actions sought to be consolidated involve common questions of fact, whether consolidation will promote a just and efficient resolution of the parties' disputes, and whether transfer and consolidation will best serve the convenience of the parties and witnesses. (28 U.S.C. § 1407; *In re Desloratadine Patent Litig.* (J.P.M.L. 2007) 502 F. Supp. 2d 1354, 1355.) Each of the three factors is met by the consolidation and transfer sought by this Motion.

### A.  The three related class actions involve common questions of law and fact

First, each of the three related class actions involves claims against FNCB alleging it violated the TCPA through its purported use of an automatic telephone dialing system and an artificial or prerecorded voice to place unsolicited debt collection calls to the cellular phones of the named plaintiffs and the class members without their consent. Thus, each of the three actions will entail the following legal and factual issues best addressed in a consolidated action:

- An evaluation of the means and methods FNCB obtains the debtors' contact information in connection with the defense of consent;

- FNCB's policies regarding consent to place calls to debtors' mobile phones; and

- FNCB's collection call system, equipment, servers and databases employed

---

[3]  There is a fourth class action lawsuit against FNCB that also alleges violations of the TCPA, in addition to other non-TCPA claims. That action, which is pending in the Southern District of Ohio, is entitled *Dennis Brown, et al. v. First National Collection Bureau, Inc*, and assigned Case No. 1:13-cv-00524. Due to the inclusion of other non-TCPA claims and the procedural posture of that case, FNCB believes it is not appropriate for consolidation with the other three cases, and is not seeking to consolidate that action at this time.

during the pertinent four year class period and whether it violates the TCPA. Thus, with only a single defendant's practices for the same 4 year class period under scrutiny, the three class actions are appropriate for Section 1407 transfer and consolidation.

**B. Transfer and consolidation will promote judicial efficiency and further the convenience of the parties and witnesses**

Second, transfer and consolidation will promote the just and efficient conduct of the actions as only one court will be required to manage discovery, consider and rule upon a motion for class certification, and conduct other pretrial proceedings, all the while familiarizing itself with the factual predicate, including FNCB's technology and call systems. Consolidation will also prevent inconsistent rulings on critical issues such as whether FNCB's call system violates the TCPA and whether the cases are appropriate for class treatment. (See *In re Desloratadine Patent Litig., supra*, 502 F. Supp. 2d at 1355.)

Third, transfer and consolidation will be most convenient to the parties and witnesses as they will only have to conduct discovery, or appear for deposition, in one forum on a unified schedule, while avoiding duplicative discovery and proceedings. (*In re Inter-Op Hip Prosthesis Prods. Liab. Litig.,* (J.P.M.L. 2001) 149 F. Supp. 2d 931, 933 [explaining that centralization would effectuate "an overall savings of cost and a minimum of inconvenience to all concerned"]; *In re Vioxx Prod. Liab. Litig.* (J.P.M.L. 2005) 360 F.Supp.1352, 1354 [pointing out that "transfer under Section 1407 has the salutary effect of placing all the actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues …and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties."]. ) The potential of

duplication is particularly true here given the nationwide scope of the class members and virtually identical class period in each of the three class actions.

C. **The Southern District of California is the most appropriate venue for the consolidation of the three related class actions**

The Southern District of California is the most appropriate forum for the consolidation of the three class actions based on its centrality, resources, and judicial expertise to handle the three related class actions. Southern District of California Court Judge Janis Sammartino is currently presiding over the *Hunter* action and is familiar with class actions, including those involving the TCPA. Plus, the Southern District of California is the natural mid-point location of the three district courts and easily accessible by the parties and counsel. Indeed, Plaintiffs' counsel in the *Neal* and *Hunter* actions have offices conveniently close to the Southern District of California court. And counsel for FNCB has offices in Southern California making the Southern District of California venue easily accessible. These geographic and efficiency benefits in support of the Southern District of California venue outweigh any potential inconvenience to Las Vegas-based counsel in the *Beell* action which can be alleviated by the ability to appear telephonically when needed.[4]

## IV. Conclusion

Consolidation of the three class actions in the Southern District of California is warranted because each case involves TCPA violation claims against FNCB with nearly identical questions of fact and law and overlapping classes and class periods. The requested Southern District of California venue, home to the *Hunter* case, offers centrality, accessibility, judicial management, and expertise. Accordingly, FNCB respectfully requests the Panel consolidate the three class

---

[4] Plaintiff Beell also is represented by the Edelson LLC firm based in Chicago, Illinois. (See Exhibit C to the accompanying Schedule of Actions for the *Beell* action docket.) Thus, the venue transfer from Las Vegas to the Southern District of California located in San Diego, California is presumed to have no impact on the Edelson firm's representation given the pre-existing geographic circumstances.

actions for all pre-trial proceedings and transfer the *Beell* and *Neal* actions to the Southern

District of California.

Respectfully submitted,

GORDON & REES LLP

DATED: February 3, 2014                    _____/s/_____

GARY J. LORCH
AMY MACLEAR
Attorneys for Defendant

GARY J. LORCH (SBN: 119989)
glorch@gordonrees.com
AMY MACLEAR (SBN: 215638)
amaclear@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 262-3763

BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*In re First National Collection Bureau, Inc. Class Action Litigation*

MDL No. _____

## SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge | Corresponding Exhibits |
|---|---|---|---|---|
| **Plaintiffs**: Claudette Neal, on behalf of herself, and all others similarly situated<br><br>**Defendants**: First National Collection Bureau, Inc.<br><br>**Movant**: First National Collection Bureau, Inc. | USDC, Eastern District of California | 2:13-cv-01206-WBS-CKD | William B. Shubb | Exhibit A - Docket and Complaint |
| **Plaintiffs**: Nanette Hunter, on behalf of herself, and all others similarly situated<br><br>**Defendants**: First National Collection Bureau, Inc.<br><br>**Movant**: First National Collection Bureau, Inc. | USDC, Southern District Court of California | 3:13-cv-01515-JSL-KSC | Janis Sammartino | Exhibit B - Docket and Complaint |
| **Plaintiffs**: Jessica Beell, on behalf of herself, and all others similarly situated<br><br>**Defendants**: First National Collection Bureau, Inc.<br><br>**Movant**: First National Collection Bureau, Inc. | USDC of Nevada Case | 2:13-cv-01303-KJD-CWH | Kent Dawson | Exhibit C – Docket and Complaint |

BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re First National Collection Bureau, Inc. Class Action Litigation        MDL No._____

## PROOF OF SERVICE

      I hereby certify that a copy of the foregoing

**MOTION OF DEFENDANT FIRST NATIONAL COLLECTION BUREAU, INC. FOR TRANSFER OF ACTIONS TO THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS;**

**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF DEFENDANT FIRST NATIONAL COLLECTION BUREAU, INC.'S MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS PURSUANT TO 28 U.S.C. § 1407; and**

**SCHEDULE OF ACTIONS**

was filed in the respective courts referenced below and served by email on February 3, 2014 to all counsel in each of the following actions:

**2:13-cv-01206-WBS-CKD** *Neal v. First National Collection Bureau, Inc.*

Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
369 South Doheny Drive
Suite 415
Beverly Hills, CA 90211
877-206-4741
866-633-0228 (fax)
tfriedman@attorneysforconsumers.com
Attorneys for Plaintiff Claudette Neal

Seyed Abbas Kazerounian
Kazerounian Law Group
245 Fischer Avenue
Suite D1
Costa Mesa, CA 92626
800-400-6808
800-520-5523 (fax)
ak@kazlg.com
Attorneys for Plaintiff Claudette Neal

Matthew M. Loker
Kazerouni Law Group, APC

245 Fischer Avenue
Unit D1
Costa Mesa, CA 92626
800-400-6808
800-520-5523 (fax)
ml@kazlg.com
Attorneys for Plaintiff Claudette Neal

Joshua Branden Swigart
Hyde and Swigart
2221 Camino Del Rio South
Suite 101
San Diego, CA 92108
(619) 233-7770
(619) 297-1022 (fax)
josh@westcoastlitigation.com
Attorneys for Plaintiff Claudette Neal

Gary J. Lorch
Gordon & Rees Llp
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
213-576-5000-5052
213-680-4470 (fax)
glorch@gordonrees.com
Attorneys for Defendant First National Collection Bureau, Inc.

Amy Maclear
Gordon and Rees LLP
275 Battery Street
Suite 2000
San Francisco, CA 94111
415-986-5900-3171
415-262-3763 (fax)
amaclear@gordonrees.com
Attorneys for Defendant First National Collection Bureau, Inc.

Issa Kalani Moe
Moss and Burnett P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
612-877-5399
612-877-5016 (fax)
moei@moss-barnett.com
Attorneys for Defendant First National Collection Bureau, Inc.

**3:13-cv-01515-JLS-KSC** *Hunter v. First National Collection Bureau, Inc.*

Douglas J Campion
Law Offices of Douglas J Campion
409 Camino Del Rio South
Suite 303
San Diego, CA 92108-3507
(619)299-2091
(619)858-0034 (fax)
doug@djcampion.com
Attorneys for Plaintiff Nanette Hunter

Daniel G. Shay
Dan Shay, Law
409 Camino del Rio South
Suite 101B
San Diego, CA 92108
(619) 222-7429
(866) 431-3292 (fax)
DanielShay@SanDiegoBankruptcyNow.com
Attorneys for Plaintiff  Nanette Hunter
Joan M. Borzcik
Gordon & Rees LLP
101 West Broadway
Suite 2000
San Diego, CA 92101
(619)696-6700
(619)696-7124 (fax)
jborzcik@gordonrees.com
Attorneys for Defendant First National Collection Bureau, Inc.

Christopher D Holt
Klinedinst PC
5 Hutton Centre Drive
Suite 1000
Santa Ana, CA 92707
(714)542-1800
(714)542-3592 (fax)
cholt@klinedinstlaw.com
Attorneys for Defendant First National Collection Bureau, Inc.

Gary J Lorch
Gordon & Rees LLP
633 West Fifth Street
Suite 4900

Los Angeles, CA 90071
(213)576-5000
(213)680-4470 (fax)
glorch@gordonrees.com
Attorneys for Defendant First National Collection Bureau, Inc.

Issa K. Moe
Moss & Barnett PA
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612)877-5399
(612)877-5999 (fax)
MoeI@moss-barnett.com
Attorneys for Defendant First National Collection Bureau, Inc.

**2:13-cv-01303-KJD-CWH** *Beell v. First National Collection Bureau, Inc.*

Rafey S Balabanian
Edelson McGuire, LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
312-589-6370
312-589-6370 (fax)
rbalabanian@edelson.com
Attorneys for Plaintiff  Jessica Beell

Marc P Cook
Bailus Cook & Kelesis, Ltd.
400 So. 4th Street
Suite 300
Las Vegas, NV 89101
(702) 737-7702
(702) 737-7712 (fax)
cnklawfirm@aol.com
Attorneys for Plaintiff  Jessica Beell

Christopher L. Dore
Edelson P.C.
350 North LaSalle St, Ste 1300
Chicago, IL 60654
312-589-6370
cdore@edelson.com
Attorneys for Plaintiff Jessica Beell

Benjamin H Richman

Edelson P.C.
350 North LaSalle Street
Chicago, IL 60654
312-589-6370
312-589-6378 (fax)
brichman@edelson.com
Attorneys for Plaintiff Jessica Beell

Gary J. Lorch
Gordon & Rees LLP
633 W Fifth St 52nd Fl
Los Angeles, CA 90071
213-576-5000
Attorneys for Defendant First National Collection Bureau, Inc.

Stephanie J Smith
Gordon & Rees LLP
3770 Howard Hughes Parkway
Suite 100
Las Vegas, NV 89169
702-577-9300
702-255-2858 (fax)
sjsmith@gordonrees.com
Attorneys for Defendant First National Collection Bureau, Inc.


Pursuant to the Judicial Panel on Multidistrict Litigation's Panel Rules, I served a copy of the above-referenced documents via overnight mail on the following court clerks:


Clerk, U.S. District Court Southern District of California (transferor court)
221 West Broadway
San Diego, CA 92101

Clerk of the Panel
United States Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE, Room G-255, North Lobby
Washington, DC 20002-8041


☒ (Federal)  I declare that I am employed in the office of the member of the bar of this Court at whose direction the service was made.

Executed on February 3, 2014 at San Francisco, California.

*Maria Deang*
Maria Deang

# Exhibit A

# U.S. District Court
## Eastern District of California - Live System (Sacramento)
## CIVIL DOCKET FOR CASE #: 2:13-cv-01206-WBS-CKD

Neal v. First National Collection Bureau, Inc.

Assigned to: Senior Judge William B. Shubb

Referred to: Magistrate Judge Carolyn K. Delaney

Cause: 28:1331 Fed. Question

Date Filed: 06/17/2013

Jury Demand: Plaintiff

Nature of Suit: 890 Other Statutory Actions

Jurisdiction: Federal Question

**Plaintiff**

**Claudette Neal**

represented by **Joshua Branden Swigart**
Hyde and Swigart
2221 Camino Del Rio South
Suite 101
San Diego, CA 92108
(619) 233-7770
Fax: (619) 297-1022
Email: josh@westcoastlitigation.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seyed Abbas Kazerounian**
Kazerounian Law Group
245 Fischer Avenue
Suite D1
Costa Mesa, CA 92626
800-400-6808
Fax: 800-520-5523
Email: ak@kazlg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Loker**
Kazerouni Law Group, APC
245 Fischer Avenue
Unit D1
Costa Mesa, CA 92626
800-400-6808
Fax: 800-520-5523
Email: ml@kazlg.com
*ATTORNEY TO BE NOTICED*

**Todd M. Friedman**
Law Offices of Todd M. Friedman, P.C.
369 South Doheny Drive
Suite 415
Beverly Hills, CA 90211
877-206-4741
Fax: 866-633-0228
Email:
tfriedman@attorneysforconsumers.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**First National Collection Bureau, Inc.**   represented by   **Christopher David Holt**
Klinedinst PC
4 Hutton Centre Drive
Suite 675
Santa Ana, CA 92707
714-542-1800
Fax: 714-542-3592
Email: cholt@klinedinstlaw.com
*TERMINATED: 01/24/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Issa Kalani Moe**
Moss and Burnett P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
612-877-5399
Fax: 612-877-5016
Email: moei@moss-barnett.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy Maclear**
Gordon and Rees LLP (San Francisco)
275 Battery Street
Suite 2000
San Francisco, CA 94111
415-986-5900-3171
Fax: 415-262-3763
Email: amaclear@gordonrees.com

ATTORNEY TO BE NOTICED

**Gary J. Lorch**
Gordon & Rees Llp
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
213-576-5000-5052
Fax: 213-680-4470
Email: glorch@gordonrees.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/17/2013 | 1 | COMPLAINT against First National Collection Bureau, Inc. by Claudette Neal. Attorney Friedman, Todd M. added. (Attachments: # 1 Civil Cover Sheet)(Friedman, Todd) (Entered: 06/17/2013) |
| 06/18/2013 | | RECEIPT number #CAE200053274 $400.00 fbo Claudette Neal by Lee P. Mankin on 6/18/2013. (Kaminski, H) (Entered: 06/18/2013) |
| 06/18/2013 | 3 | SUMMONS ISSUED as to *First National Collection Bureau, Inc.* with answer to complaint due within *21* days. Attorney *Todd M. Friedman* *Law Offices of Todd M. Friedman, P.C.* *369 South Doheny Drive, Suite 415* *Beverly Hills, CA 90211*. (Kaminski, H) (Entered: 06/18/2013) |
| 06/18/2013 | 4 | CIVIL NEW CASE DOCUMENTS ISSUED; Initial Scheduling Conference set for 9/16/2013 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Attachments: # 1 Consent Form, # 2 VDRP) (Kaminski, H) (Entered: 06/18/2013) |
| 06/27/2013 | 5 | CONSENT to JURISDICTION of US MAGISTRATE JUDGE by Claudette Neal. (Friedman, Todd) (Entered: 06/27/2013) |
| 07/08/2013 | 6 | SUMMONS RETURNED EXECUTED: First National Collection Bureau, Inc. served on 6/27/2013. (Friedman, Todd) Modified on 7/9/2013 (Mena-Sanchez, L). (Entered: 07/08/2013) |
| 07/09/2013 | 7 | STIPULATION *to Extend Time to Respond to Complaint* by First National Collection Bureau, Inc., Claudette Neal. Attorney Moe, Issa Kalani added. (Moe, Issa) (Entered: 07/09/2013) |
| 07/24/2013 | 8 | NOTICE of APPEARANCE by Seyed Abbas Kazerounian on behalf of Claudette Neal. Attorney Kazerounian, Seyed Abbas added. (Attachments: # 1 Proof of Service) (Kazerounian, Seyed) (Entered: 07/24/2013) |
| 07/24/2013 | 9 | NOTICE of APPEARANCE by Joshua Branden Swigart on behalf of Claudette Neal. Attorney Swigart, Joshua Branden added. (Attachments: # 1 Proof of Service)(Swigart, Joshua) (Entered: 07/24/2013) |

| 07/29/2013 | [10](#) | SUMMONS RETURNED EXECUTED: First National Collection Bureau, Inc. served on 7/8/2013, answer due 7/29/2013. (Friedman, Todd) (Entered: 07/29/2013) |
|---|---|---|
| 08/15/2013 | [11](#) | ANSWER by First National Collection Bureau, Inc..(Moe, Issa) (Entered: 08/15/2013) |
| 08/15/2013 | [12](#) | STATEMENT of Corporate Disclosure by Defendant First National Collection Bureau, Inc.. (Moe, Issa) (Entered: 08/15/2013) |
| 08/29/2013 | [13](#) | JOINT STATUS REPORT by Claudette Neal. (Friedman, Todd) (Entered: 08/29/2013) |
| 09/13/2013 | [14](#) | STATUS (PRETRIAL SCHEDULING) ORDER signed by Senior Judge William B. Shubb on 9/12/16. The parties shall serve the initial disclosures by no later than 10/30/13. The parties shall disclose experts and produce reports by no 2/28/14. All Discovery shall be completed 8/29/2014., All Dispositive Motions shall be filed by 9/26/2014. The Final Pretrial Conference is SET for 11/10/2014 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. Jury Trial is SET for 2/3/2015 at 09:00 AM in Courtroom 5 (WBS) before Senior Judge William B. Shubb.(Mena-Sanchez, L) (Entered: 09/13/2013) |
| 09/19/2013 | [15](#) | NOTICE of APPEARANCE by Matthew M. Loker on behalf of Claudette Neal. Attorney Loker, Matthew M. added. (Attachments: # [1](#) Proof of Service)(Loker, Matthew) (Entered: 09/19/2013) |
| 10/01/2013 | [16](#) | NOTICE of APPEARANCE by Christopher David Holt on behalf of First National Collection Bureau, Inc.. Attorney Holt, Christopher David added. (Attachments: # [1](#) Proof of Service Certificate of Service)(Holt, Christopher) (Entered: 10/01/2013) |
| 11/13/2013 | [17](#) | SUBSTITUTION of ATTORNEY - PROPOSED, submitted by First National Collection Bureau, Inc.. (Attachments: # [1](#) Proof of Service)(Holt, Christopher) (Entered: 11/13/2013) |
| 01/24/2014 | [18](#) | ORDER SUBSTITUTING ATTORNEY signed by Senior Judge William B. Shubb on 1/24/2014 Attorney Gary J. Lorch, and Amy Maclear for First National Collection Bureau, Inc., attorney Christopher David Holt terminated. (Reader, L) (Entered: 01/24/2014) |
| 01/27/2014 | [19](#) | STIPULATION and PROPOSED ORDER for Protective Order for Litigation Involving Highly Sensitive Confidential Information by First National Collection Bureau, Inc.. (Maclear, Amy) (Entered: 01/27/2014) |
| 01/29/2014 | [20](#) | STIPULATED PROTECTIVE ORDER signed by Magistrate Judge Carolyn K. Delaney on 1/29/2014 re: Highly Sensitive Confidential Information. (Donati, J) (Entered: 01/29/2014) |

| **PACER Service Center** |
|---|
| **Transaction Receipt** |
| 02/03/2014 11:24:23 |

| PACER Login: | gr0084 | Client Code: | mgt-8010110 |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:13-cv-01206-WBS-CKD |
| Billable Pages: | 3 | Cost: | 0.30 |

1   Todd M. Friedman (SBN 216752)
    Nicholas J. Bontrager (SBN 252114)
2   LAW OFFICES OF TODD M. FRIEDMAN, P.C.
    369 S. Doheny Dr., #415
3   Beverly Hills, CA 90211
    Phone: 877-206-4741
4   Fax: 866-633-0228
5   tfriedman@attorneysforconsumers.com
    nbontrager@attorneysforconsumers.com
6
7   L. Paul Mankin, IV (SBN 264038)
    Law Offices of L. Paul Mankin, IV
8   8730 Wilshire Blvd, Suite 310
    Beverly Hills, CA 90211
9   Phone: 800-219-3577
    Fax: 866-633-0228
10
11  *Attorneys for Plaintiff*

12                  **UNITED STATES DISTRICT COURT**
13                  **EASTERN DISTRICT OF CALIFORNIA**

14  CLAUDETTE NEAL, on behalf of herself and )   Case No.
    all others similarly situated,            )
15                                            )   **CLASS ACTION**
                                              )
16  Plaintiff,                                )
                                              )   **COMPLAINT FOR VIOLATIONS OF:**
17           vs.                              )
                                              )   1.   NEGLIGENT VIOLATIONS OF
18  FIRST NATIONAL COLLECTION                 )        THE TELEPHONE CONSUMER
    BUREAU, INC.,                             )        PROTECTION ACT [47 U.S.C.
19                                            )        §227 ET SEQ.]
20  Defendants.                               )   2.   WILLFUL VIOLATIONS OF
                                              )        THE TELEPHONE CONSUMER
21                                            )        PROTECTION ACT [47 U.S.C.
                                              )        §227 ET SEQ.]
22                                            )
23                                            )   **DEMAND FOR JURY TRIAL**
                                              )
24  _____ )

25       Plaintiff Claudette Neal ("Plaintiff"), on behalf of herself and all others similarly

26  situated, alleges the following upon information and belief based upon personal knowledge:

27

28

                              **CLASS ACTION COMPLAINT**
                                         -1-

## NATURE OF THE CASE

1.      Plaintiff brings this action for herself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of First National Collection Bureau, Inc. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.      This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.      Venue is proper in the United States District Court for the Southern District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiff resides within the Eastern District of California.

## PARTIES

4.      Plaintiff, Claudette Neal ("Plaintiff"), is a natural person residing in Carmichael, California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5.      Defendant, First National Collection Bureau, Inc. ("Defendant"), is a leader in consumer debt buying and recovery/collection and is a "person" as defined by *47 U.S.C. § 153 (10)*.

## FACTUAL ALLEGATIONS

6.      Beginning in or around November or December of 2012, Defendant contacted Plaintiff on her cellular telephone ending in 9310, in an attempt to collect an alleged outstanding debt owed for personal telephone/cable utility services.

7.      Defendant placed multiple calls a day, often upwards of two (2) to three (3) calls in a single day, on a virtual daily basis to Plaintiff's cellular telephone seeking to collect

1    the alleged debt owed. Defendant placed these calls from its telephone number (714) 495-
2    4808.

3         8.      Defendant used an "automatic telephone dialing system", as defined by *47*
4    *U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to collect the debt allegedly owed.

5         9.      When Plaintiff would answer Defendant's calls to her cellular telephone she
6    would be routinely greeted with a pre-recorded notification advising Plaintiff to continue to
7    hold on the line until one of Defendant's representatives could be available. By way of such
8    pre-recorded greetings, Defendant utilized an "artificial or prerecorded voice" as prohibited by
9    *47 U.S.C. § 227(b)(1)(A)*.

10        10.      Furthermore, Plaintiff repeatedly demanded that Defendant cease placing such
11    collection calls to her cellular telephone. Despite this, Defendant continued to call Plaintiff's
12    cellular telephone via the "automatic telephone dialing system."

13        11.      Defendant's calls constituted calls that were not for emergency purposes as
14    defined by *47 U.S.C. § 227(b)(1)(A)*.

15        12.      Defendant's calls were placed to telephone number assigned to a cellular
16    telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. §*
17    *227(b)(1)*.

18        13.      Plaintiff did not own the cellular telephone number ending in 9310 at the time
19    the alleged debt was incurred and never provided said cellular telephone number to the creditor
20    of the alleged debt. As such, Plaintiff is informed, believes and thereon alleges that Defendant
21    obtained Defendant's cellular telephone number via "skiptracing."

22        14.      Plaintiff has never provided any personal information, including her cellular
23    telephone number, to Defendant for any purpose whatsoever. Furthermore, Plaintiff did not
24    possess her current cellular telephone number at the time in which the alleged debt was
25    incurred. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive
26    calls using an automatic telephone dialing system or an artificial or prerecorded voice on her
27    cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

28

**CLASS ACTION COMPLAINT**
-3-

**CLASS ALLEGATIONS**

15.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

16.     Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

17.     Defendant, its employees and agents are excluded from The Class.  Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

18.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

19.     Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the

---

**CLASS ACTION COMPLAINT**
-4-

1   privacy of said Plaintiff and Class members.

2       20.    Common questions of fact and law exist as to all members of The Class which

3   predominate over any questions affecting only individual members of The Class.   These

4   common legal and factual questions, which do not vary between Class members, and which

5   may be determined without reference to the individual circumstances of any Class members,

6   include, but are not limited to, the following:

7       a.    Whether, within the four years prior to the filing of this Complaint,

8            Defendant made any call (other than a call made for emergency purposes

9            or made with the prior express consent of the called party) to a Class

10           member using any automatic telephone dialing system or any artificial or

11           prerecorded voice to any telephone number assigned to a cellular

12           telephone service;

13      b.    Whether Plaintiff and the Class members were damages thereby, and the

14           extent of damages for such violation; and

15      c.    Whether Defendant should be enjoined from engaging in such conduct in

16           the future.

17      21.    As a person that received numerous calls from Defendant using an automatic

18   telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express

19   consent, Plaintiff is asserting claims that are typical of The Class.

20      22.    Plaintiff will fairly and adequately protect the interests of the members of The

21   Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

22      23.    A class action is superior to other available methods of fair and efficient

23   adjudication of this controversy, since individual litigation of the claims of all Class  members

24   is impracticable.   Even if every Class member could afford individual litigation, the court

25   system could not.   It would be unduly burdensome to the courts in which individual litigation

26   of numerous issues would proceed.   Individualized litigation would also present the potential

27   for varying, inconsistent, or contradictory judgments and would magnify the delay and expense

28   to all parties and to the court system resulting from multiple trials of the same complex factual

1   issues.  By contrast, the conduct of this action as a class action presents fewer management

2   difficulties, conserves the resources of the parties and of the court system, and protects the

3   rights of each Class member.

4         24.      The prosecution of separate actions by individual Class members would create a

5   risk of adjudications with respect to them that would, as a practical matter, be dispositive of the

6   interests of the other Class members not parties to such adjudications or that would

7   substantially impair or impede the ability of such non-party Class members to protect their

8   interests.

9         25.      Defendant has acted or refused to act in respects generally applicable to The

10  Class, thereby making appropriate final and injunctive relief with regard to the members of the

11  California Class as a whole.

12                          **FIRST CAUSE OF ACTION**

13              **Negligent Violations of the Telephone Consumer Protection Act**

14                          **47 U.S.C. §227 et seq.**

15        26.      Plaintiff repeats and incorporates by reference into this cause of action the

16  allegations set forth above at Paragraphs 1-25.

17        27.      The foregoing acts and omissions of Defendant constitute numerous and

18  multiple negligent violations of the TCPA, including but not limited to each and every one of

19  the above cited provisions of *47 U.S.C. § 227 et seq.*

20        28.      As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*,

21  Plaintiff and the Class Members are entitled an award of $500.00  in statutory damages, for

22  each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

23        29.      Plaintiff and the Class members are also entitled to and seek injunctive relief

24  prohibiting such conduct in the future.

25        ///

26        ///

27        ///

28        ///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

30.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

31.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

32.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff  and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

33.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

///
///
///
///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to  and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 17th day of June, 2013.


LAW OFFICES OF TODD M. FRIEDMAN, P.C.


By:   /s/ Todd M. Friedman
      Todd M. Friedman
      Law Offices of Todd M. Friedman
      Attorney for Plaintiff

# Exhibit B

# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:13-cv-01515-JLS-KSC

Hunter v. First National Collection Bureau, Inc.
Assigned to: Judge Janis L. Sammartino
Referred to: Magistrate Judge Karen S. Crawford
Cause: 28:1331 Fed. Question

Date Filed: 06/28/2013
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Nanette Hunter**
*on behalf of herself and all others
similarly situated*

represented by **Daniel G. Shay**
Dan Shay, Law
409 Camino del Rio South
Suite 101B
San Diego, CA 92108
(619) 222-7429
Fax: (866) 431-3292
Email:
DanielShay@SanDiegoBankruptcyNow.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Douglas J Campion**
Law Offices of Douglas J Campion
409 Camino Del Rio South
Suite 303
San Diego, CA 92108-3507
(619)299-2091
Fax: (619)858-0034
Email: doug@djcampion.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

**Defendant**

**First National Collection Bureau, Inc.**
*a Nevada Corporation*

represented by **Christopher D Holt**
Klinedinst PC
5 Hutton Centre Drive
Suite 1000
Santa Ana, CA 92707

(714)542-1800
Fax: (714)542-3592
Email: cholt@klinedinstlaw.com
*TERMINATED: 11/19/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary J Lorch**
Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071
(213)576-5000
Fax: (213)680-4470
Email: glorch@gordonrees.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Issa K. Moe**
Moss & Barnett PA
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612)877-5399
Fax: (612)877-5999
Email: MoeI@moss-barnett.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joan M. Borzcik**
Gordon & Rees LLP
101 West Broadway
Suite 2000
San Diego, CA 92101
(619)696-6700
Fax: (619)696-7124
Email: jborzcik@gordonrees.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/28/2013 | 1 | COMPLAINT with Jury Demand against First National Collection Bureau, Inc. ( Filing fee $ 400 receipt number 0974-6051270.), filed by Nanette Hunter. |

| | | The new case number is 3:13-cv-1515-JLS-KSC. Judge Janis L. Sammartino and Magistrate Judge Karen S. Crawford are assigned to the case. (Campion, Douglas)(vam) (av1). (Entered: 07/01/2013) |
|---|---|---|
| 07/01/2013 | 2 | Summons Issued.<br>**Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (vam) (av1). (Entered: 07/01/2013) |
| 08/01/2013 | 3 | ANSWER to 1 Complaint, by First National Collection Bureau, Inc..(Moe, Issa)Attorney Issa K. Moe added to party First National Collection Bureau, Inc.(pty:dft) (jao). (Entered: 08/01/2013) |
| 08/01/2013 | 4 | NOTICE of Party With Financial Interest by First National Collection Bureau, Inc. (Moe, Issa) (jao). (Entered: 08/01/2013) |
| 08/01/2013 | 5 | Corporate Disclosure Statement by First National Collection Bureau, Inc.. (Moe, Issa) (jao). (Entered: 08/01/2013) |
| 08/29/2013 | 6 | NOTICE AND ORDER for Early Neutral Evaluation Conference. IT IS HEREBY ORDERED that a telephonic Early Neutral Evaluation of your case will be held on October 2, 2013 at 9:30 a.m. in the Chambers of Magistrate Judge Karen S. Crawford. Signed by Magistrate Judge Karen S. Crawford on 8/28/2013.(jao)(jrd) (Entered: 08/29/2013) |
| 09/16/2013 | 7 | NOTICE OF APPEARANCE by First National Collection Bureau, Inc. *of Association of Counsel* (Attachments: # 1 Proof of Service)(Holt, Christopher)Attorney Christopher D Holt added to party First National Collection Bureau, Inc.(pty:dft) (jao). (Entered: 09/16/2013) |
| 10/02/2013 | 8 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: An Early Neutral Evaluation Conference was held on 10/2/2013. The case did not settle. Scheduling order to issue.(no document attached) (plh) (Entered: 10/24/2013) |
| 10/24/2013 | 9 | Order Following Early Neutral Evaluation Conference, Setting Rule 26 Compliance and Notice of Telephonic Case Management Conference. Early Neutral Evaluation Conference held on 10/2/2013. Telephonic Case Management Conference set for 11/22/2013 11:00 AM before Magistrate Judge Karen S. Crawford. Signed by Magistrate Judge Karen S. Crawford on 10/24/2013.(jao)(jrd) (Entered: 10/24/2013) |
| 10/28/2013 | 10 | NOTICE of Appearance by Daniel G. Shay on behalf of Nanette Hunter (Shay, Daniel)Attorney Daniel G. Shay added to party Nanette Hunter(pty:pla) (jao). (Entered: 10/28/2013) |
| 11/08/2013 | 11 | Joint MOTION to Substitute Attorney by First National Collection Bureau, Inc. (Attachments: # 1 Certificate of Service)(Borzcik, Joan) (jao). (Entered: 11/08/2013) |
| 11/19/2013 | 12 | ORDER Granting 11 Joint Motion to Substitute Attorney. The parties seek to substitute Gary J. Lorch and Joni M. Borzcik of Gordon & Rees LLP as counsel of record for Defendant First National Collection Bureau, Inc. in place of Christopher D. Holt of |

| | | |
|---|---|---|
| | | Klinedinst PC. Pursuant to Civil Local Rule 83.3(g)(2), the Court grants the motion. The Clerk shall update the Court's docket to reflect the substitution. Signed by Judge Janis L. Sammartino on 11/19/2013. (jao) (jrl). (Entered: 11/19/2013) |
| 11/22/2013 | 14 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: A telephonic Case Management Conference was held on 11/22/2013.(no document attached) (plh) (Entered: 12/09/2013) |
| 11/27/2013 | 13 | Order Following Case Management Conference; Order Setting Telephonic Status Conference. A telephonic Case Management Conference was held on 11/22/2013. Counsel are currently researching whether the cases could or should be consolidated. If so, it is expected that a motion to consolidate or transfer will be filed in one of the districts no later than 2/3/2014. A telephonic Status Conference is set for 2/14/2014 at 09:30 AM before Magistrate Judge Karen S. Crawford. Signed by Magistrate Judge Karen S. Crawford on 11/26/2013.(aef)(jrd) (Entered: 11/27/2013) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/03/2014 10:37:11 | | |
| **PACER Login:** | gr0084 | **Client Code:** | mgt-8010110 |
| **Description:** | Docket Report | **Search Criteria:** | 3:13-cv-01515-JLS-KSC |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

Douglas J. Campion (State Bar No. 75381)
Doug@DJCampion.com
**LAW OFFICES OF DOUGLAS J. CAMPION**
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Daniel G. Shay (State Bar No. 250548)
DanielShay@SanDiegoBankruptcyNow.com
**LAW OFFICES OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

Steven E. Kaftal (State Bar No. 248381)
Steve@Kaftal.com
**LAW OFFICES OF STEVEN E. KAFTAL**
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 786-7838
Facsimile: (866) 431-3292

Attorneys for Plaintiff, Nanette Hunter

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANETTE HUNTER, on behalf of herself and all others similarly situated, | CASE NO. **'13CV1515 JLS KSC** |
| Plaintiff, | **CLASS ACTION** |
| vs. | **Complaint for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227 et seq.** |
| FIRST NATIONAL COLLECTION BUREAU, INC., a Nevada corporation | |
| Defendant. | **Jury Trial Demanded** |

## INTRODUCTION

1.      Nanette Hunter ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant

1

**Class Action Complaint for Damages**

First National Collection Bureau, Inc. ("Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities (collectively "Defendant"), in negligently, and/or willfully, contacting Plaintiff on Plaintiff's cellular telephone without her prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject them to personal jurisdiction. Venue is also proper in this District because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32).

2

5. Plaintiff is informed and believed, and thereon alleges, that Defendant is a debt collector, and is, and at all times mentioned herein was, a Nevada corporation whose primary corporate offices are located in McCarran, Nevada, making the Defendant a citizen of Nevada for diversity purposes. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district. The Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (32). Defendant attempts to collect debts by, among other means, making calls to cellular phones.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

6. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

8. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

3

Class Action Complaint for Damages

9. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

**FACTUAL ALLEGATIONS**

10. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32).

11. Defendant is, and at all times mentioned herein was, an entity that meets the definition of "person," as defined by 47 U.S.C. § 153 (32).

12. At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

13.

14. Beginning no later than February, 2013 Defendant began calling Plaintiff on her cellular telephone attempting to collect a debt.

15. Plaintiff did not list a cellular phone number in or on any other documents at any time during the transaction that resulted in the debt being serviced by Defendant because Plaintiff did not have a cell phone at the time she incurred the debt, nor did she verbally provide any entity, including Defendant, with a cellular phone number at any time during the transaction that resulted in the debt owed. Plaintiff did not give Defendant prior express consent to call Plaintiff on her cellular telephone with the use of an autodialer and/or prerecorded message, pursuant to 47 U.S.C. § 227 (b)(1)(A).

16. On information and belief, Defendant may have obtained Plaintiff's cellular telephone number from a third party, or by "trapping" such number, i.e., making a record of her cell

---

[4] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 (¶ 10).

4

Class Action Complaint for Damages

1   phone number using caller identification technology, but did not receive that number from

2   Plaintiff.

3   17.  Notwithstanding the fact Plaintiff did not provide Defendant or its assignees, if any,  her

4        cellular number at any time during the transaction that resulted in the debt owed or at any later

5        date, Defendant, or its agents, have called Plaintiff on her cellular telephone via an "automatic

6        telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an

7        artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).  This ATDS has

8        the capacity to store or produce telephone numbers to be called, using a random or sequential

9        number generator, and to dial such numbers.

10  18.  Such calls were also made by prerecorded voice messages and were made several times per

11       week.   From May 4, 2013 through June 10, 2013 Defendant called Plaintiff's cell phone

12       twenty-one (21) times.  On May 29, 2013 Defendant called Plaintiff five (5) times on her cell

13       phone, all in violation of the TCPA.  The telephone number Defendant used to call Plaintiff

14       ends in 4808.

15  19.  The telephone number Defendants and/or their agents called ends in 0714 and is assigned to a

16       cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47

17       U.S.C. § 227 (b)(1).

18  20.  These telephone calls constituted calls that were not for emergency purposes as defined by 47

19       U.S.C. § 227 (b)(1)(A)(i).

20  21.  These telephone calls by Defendants and/or their agents violated 47 U.S.C. § 227(b)(1).

21  22.  Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is

22       on Defendants to demonstrate that Plaintiff provided express consent within the meaning of

23       the statute.

24                          CLASS ACTION ALLEGATIONS

25  23.  Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated

26       ("the Class").

27  24.  Plaintiff represents, and is a member of, the Class, consisting of all persons within the United

28       States who received any telephone call from Defendant or their agents to said person's

5

Class Action Complaint for Damages

cellular telephone through the use of any automatic telephone dialing system or with an artificial or prerecorded voice who did not provide prior express consent during the transaction that resulted in the debt owed, within the four years prior to the filing of the Complaint in this action.

25. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

26. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

27. Plaintiff and members of the Class were harmed by the acts of Defendant in, but not limited to, the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an autodialer and/or with a prerecorded voice message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid; by having to retrieve or administer messages left by Defendant during those illegal calls; and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

28. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The disposition of the claims in a class action will provide substantial benefit to the parties and the

6

**Class Action Complaint for Damages**

Court in avoiding a multiplicity of identical suits. The Class can be identified through Defendant's records or Defendant's agents' records.

30. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

    A.   Whether, within the four years prior to the filing of this Complaint, Defendant and/or their agents made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    B.   Whether Defendant can meet its burden of showing they obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    C.   Whether Defendant's conduct was knowing and/or willful;

    D.   Whether Defendant is liable for damages, and the extent of statutory damages for such violation; and

    E.   Whether Defendant should be enjoined from engaging in such conduct in the future.

31. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without her prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

32. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law would be allowed to proceed without remedy and Defendant would undoubtedly continue such illegal conduct. Because of the size of the individual Class members' claims, few Class members could afford to seek legal redress for the wrongs complained of herein.

7

**Class Action Complaint for Damages**

33. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

34. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

38. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

39. Plaintiff incorporates by reference the above paragraphs 1 through 34, inclusive, of this Complaint as though fully stated herein.

8

Class Action Complaint for Damages

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

43. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- An award of attorneys' fees and costs to counsel for Plaintiff and the Class.

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

9

Class Action Complaint for Damages

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- An award of attorneys' fees and costs to counsel for Plaintiff and the Class.

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: June 28, 2013      **LAW OFFICES OF DOUGLAS J. CAMPION, APC**

By: /s/ Douglas J. Campion
Douglas J. Campion
Doug@DJCampion.com
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Date: June 28, 2013      **LAW OFFICES OF DANIEL G. SHAY**

By: /s/ Daniel G. Shay
Daniel G. Shay
DanShay@SDBKN.com
409 Camino Del Rio South, Suite 101B

10

San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

**LAW OFFICES OF STEVEN E. KAFTAL**

Date: June 28, 2013

By:  /s/ Steven E. Kaftal
Steven E. Kaftal
Steve@Kaftal.com
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 786-7838
Facsimile:  (866) 431-3292

Attorneys for Plaintiff

11

**Class Action Complaint for Damages**

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Nanette Hunter, on behalf or herself and all others similarly situated | First National Collection Bureau, Inc., a Nevada corporation |

| (b) County of Residence of First Listed Plaintiff    San Diego | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Law Offices of Douglas J. Campion, APC, 409 Camino Del Rio S., # 303, San Diego, CA 92108; 616-299-2091; Law Offices of Daniel G. Shay, 409 Camino Del Rio S., # 101B, San Diego, CA 92108; 619-222-7429 | '13CV1515 JLS KSC |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| | | | **PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 47 U.S.C. Section 227 et seq. (Telephone Consumer Protection Act)    28:1331 (vam) |
|---|---|
| | Brief description of cause: Calling cell phones without consent |

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06/28/2013 | *Douglas J. Campion* |

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

Exhibit C

Exhibit C

# United States District Court
# District of Nevada (Las Vegas)
# CIVIL DOCKET FOR CASE #: 2:13-cv-01303-KJD-CWH

Beell v. First National Collection Bureau, Inc.

Assigned to: Judge Kent J. Dawson

Referred to: Magistrate Judge Carl W. Hoffman

Cause: 28:1331 Fed Question: Fed Communications Act of 1

Date Filed: 07/23/2013

Jury Demand: Plaintiff

Nature of Suit: 450 Commerce ICC Rates, Etc.

Jurisdiction: Federal Question

**Plaintiff**

**Jessica Beell**    represented by    **Benjamin H Richman**
Edelson P.C.
350 North LaSalle Street
Chicago, IL 60654
312-589-6370
Fax: 312-589-6378
Email: brichman@edelson.com
*ATTORNEY TO BE NOTICED*

**Christopher L. Dore**
Edelson P.C.
350 North LaSalle St, Ste 1300
Chicago, IL 60654
312-589-6370
Email: cdore@edelson.com
*ATTORNEY TO BE NOTICED*

**Rafey S Balabanian**
Edelson McGuire, LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
312-589-6370
Fax: 312-589-6370
Email: rbalabanian@edelson.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marc P Cook**
Bailus Cook & Kelesis, Ltd.
400 So. 4th Street
Suite 300
Las Vegas, NV 89101
(702) 737-7702

Fax: (702) 737-7712
Email: cnklawfirm@aol.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**First National Collection Bureau, Inc.**      represented by  **Gary J. Lorch**
Gordon & Rees LLP
633 W Fifth St 52nd Fl
Los Angeles, CA 90071
213-576-5000
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephanie J Smith**
Gordon & Rees LLP
3770 Howard Hughes Parkway
Suite 100
Las Vegas, NV 89169
702-577-9300
Fax: 702-255-2858
Email: sjsmith@gordonrees.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rex Garner**
Morris Law Group
900 Bank Of America Plaza
300 S. Fourth Street
Las Vegas, NV 89101-
Email: rdg@morrislawgroup.com
*TERMINATED: 11/12/2013*

**Robert R. McCoy**
Morris Law Group
900 Bank Of America Plaza
300 S. Fourth Street
Las Vegas, NV 89101-
702-474-9400
Fax: 702-474-9422
Email: rrm@morrislawgroup.com
*TERMINATED: 11/12/2013*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2013 | 1 | COMPLAINT - *CLASS ACTION* against First National Collection Bureau, Inc. (Filing fee $400 receipt number 0978-2898070), filed by Jessica Beell. Certificate of Interested Parties due by 8/2/2013. Proof of service due by 11/20/2013. (Cook, Marc) (Entered: 07/23/2013) |
| 07/23/2013 | | Case assigned to Judge Kent J. Dawson and Magistrate Judge Carl W. Hoffman. (ASB) (Entered: 07/23/2013) |
| 07/23/2013 | 2 | NOTICE PURSUANT TO LOCAL RULE IB 2-2: In accordance with 28 USC § 636(c) and FRCP 73, the parties in this action are provided with a link to the "AO 85 Notice of Availability, Consent, and Order of Reference - Exercise of Jurisdiction by a U.S. Magistrate Judge" form on the Court's website - www.nvd.uscourts.gov. **Consent forms should NOT be electronically filed.** Upon consent of all parties, counsel are advised to manually file the form with the Clerk's Office.<br>A copy of form AO 85 has been mailed to parties not receiving electronic service. **(no image attached)** (ASB) (Entered: 07/23/2013) |
| 08/01/2013 | 3 | CERTIFICATE of Interested Parties filed by Jessica Beell that identifies all parties that have an interest in the outcome of this case. *Certificate of Interested Parties.* (Cook, Marc) (Entered: 08/01/2013) |
| 09/03/2013 | 4 | WAIVER OF SERVICE Returned Executed by Jessica Beell. First National Collection Bureau, Inc. waiver sent on 7/25/2013, answer due 9/23/2013. (Cook, Marc) (Entered: 09/03/2013) |
| 09/18/2013 | 5 | VERIFIED PETITION for Permission to Practice Pro Hac Vice by Christopher L. Dore and DESIGNATION of Local Counsel Marc P. Cook (Filing fee $ 200 receipt number 0978-2965440) filed by Plaintiff Jessica Beell. Motion ripe 9/18/2013. (Cook, Marc) <u>Modified to add link to corrected image 11 on 9/30/2013.</u> (MAJ) (Entered: 09/18/2013) |
| 09/18/2013 | 6 | VERIFIED PETITION for Permission to Practice Pro Hac Vice by Benjamin H. Richman and DESIGNATION of Local Counsel Marc P. Cook (Filing fee $ 200 receipt number 0978-2965462) filed by Plaintiff Jessica Beell. Motion ripe 9/18/2013. (Cook, Marc) <u>Modified to add link to corrected image 10 on 9/30/2013.</u> (MAJ) (Entered: 09/18/2013) |
| 09/18/2013 | 7 | VERIFIED PETITION for Permission to Practice Pro Hac Vice by Rafey S. Balabanian and DESIGNATION of Local Counsel Marc P. Cook (Filing fee $ 200 receipt number 0978-2965695) filed by Plaintiff Jessica Beell *Verified Petition for Permission to Practice in This Case Only by Attorney Not Admitted to the Bar of This Court and Designation of Local Counsel for Rafey S. Balabanian.* Motion ripe 9/18/2013. (Cook, Marc) <u>Modified to add link to corrected image 12 on 9/30/2013.</u> (MAJ) (Entered: 09/18/2013) |
| 09/23/2013 | 8 | ANSWER to 1 Complaint, filed by First National Collection Bureau, Inc.. Certificate of |

| | | Interested Parties due by 10/3/2013. Discovery Plan/Scheduling Order due by 11/7/2013.(Garner, Rex) (Entered: 09/23/2013) |
|---|---|---|
| 09/23/2013 | 9 | CERTIFICATE of Interested Parties filed by First National Collection Bureau, Inc.. There are no known interested parties other than those participating in the case . (Garner, Rex) (Entered: 09/23/2013) |
| 09/30/2013 | 10 | NOTICE of Corrected Image/Document re 6 VERIFIED PETITION for Permission to Practice Pro Hac Vice and DESIGNATION of Local Counsel by Plaintiff Jessica Beell. (Service of corrected image is attached). (Cook, Marc) (Entered: 09/30/2013) |
| 09/30/2013 | 11 | NOTICE of Corrected Image/Document re 5 VERIFIED PETITION for Permission to Practice Pro Hac Vice and DESIGNATION of Local Counsel by Plaintiff Jessica Beell. (Service of corrected image is attached). (Cook, Marc) (Entered: 09/30/2013) |
| 09/30/2013 | 12 | NOTICE of Corrected Image/Document re 7 VERIFIED PETITION for Permission to Practice Pro Hac Vice by Rafey S. Balabanian and DESIGNATION of Local Counsel Marc P. Cook (Filing fee $ 200 receipt number 0978-2965695) filed by Plaintiff Jessica Beell *Verified Petition for Permission t by Plaintiff Jessica Beell. (Service of corrected image is attached). (Cook, Marc) (Entered: 09/30/2013)* |
| 10/16/2013 | 13 | ORDER Granting 6 Verified Petition for Permission to Practice Pro Hac Vice for Attorney Benjamin H. Richman and approving Attorney Marc P. Cook as Designation of Local Counsel for Plaintiff Jessica Beell. Signed by Judge Kent J. Dawson on 10/16/2013. Any Attorney not yet registered with the Court's CM/ECF System shall submit a Registration Form on the Court's website www.nvd.uscourts.gov (Copies have been distributed pursuant to the NEF - SLD) (Entered: 10/16/2013) |
| 10/16/2013 | 14 | ORDER Granting 5 Verified Petition for Permission to Practice Pro Hac Vice for Attorney Christopher L. Dore and approving Attorney Marc P. Cook as Designation of Local Counsel for Plaintiff Jessica Beell. Signed by Judge Kent J. Dawson on 10/16/2013. Any Attorney not yet registered with the Court's CM/ECF System shall submit a Registration Form on the Court's website www.nvd.uscourts.gov (Copies have been distributed pursuant to the NEF - SLD) (Entered: 10/16/2013) |
| 10/16/2013 | 15 | ORDER Granting 7 Verified Petition for Permission to Practice Pro Hac Vice for Attorney Rafey S. Balabanian and approving Attorney Marc P. Cook as Designation of Local Counsel for Plaintiff Jessica Beell. Signed by Judge Kent J. Dawson on 10/16/2013. Any Attorney not yet registered with the Court's CM/ECF System shall submit a Registration Form on the Court's website www.nvd.uscourts.gov (Copies have been distributed pursuant to the NEF - SLD) (Entered: 10/16/2013) |
| 11/08/2013 | 16 | MOTION to Substitute Attorney by Defendant First National Collection Bureau, Inc.. (Smith, Stephanie) Wrong event selected, modified on 11/8/2013. (MAJ) (Entered: 11/08/2013) |

| 11/12/2013 | 17 | ORDER Granting 16 Motion to Substitute Attorney Stephanie J. Smith in place and stead of Attorneys Rex Garner and Robert R. McCoy for First National Collections Bureau, Inc. Signed by Magistrate Judge Carl W. Hoffman on 11/12/13. (Copies have been distributed pursuant to the NEF - MMM) (Entered: 11/13/2013) |
|---|---|---|
| 11/18/2013 | 18 | (1st Notice) **NOTICE: of Non-Compliance with Special Order 109:** that **Benjamin H. Richman** is in violation of Special Order 109.<br><br>Participation in the electronic filing system became mandatory for all attorneys effective January 1, 2006.<br><br>*You are required to register for the Courts Case Management and Electronic Case Filing (CM/ECF) program and the electronic service of pleadings.*<br><br>Please visit the Courts website at **www.nvd.uscourts.gov,** then select **ATTORNEY REGISTRATION** located in the middle of the web page to register.<br><br>**(no image attached)** (RFJ) (Entered: 11/18/2013) |
| 12/06/2013 | 19 | VERIFIED PETITION for Permission to Practice Pro Hac Vice by Gary J. Lorch and DESIGNATION of Local Counsel Stephanie J. Smith (Filing fee $ 200 receipt number 0978-3057591) by Defendant First National Collection Bureau, Inc.. Motion ripe 12/6/2013. (AF) (Entered: 12/09/2013) |
| 12/20/2013 | 20 | ORDER Granting 19 Verified Petition for Permission to Practice Pro Hac Vice for Attorney Gary J. Lorch and approving Designation of Local Counsel Stephanie J. Smith for First National Collection Bureau, Inc.. Signed by Judge Kent J. Dawson on 12/17/13. Any Attorney not yet registered with the Court's CM/ECF System shall submit a Registration Form on the Court's website www.nvd.uscourts.gov<br>(Copies have been distributed pursuant to the NEF - MMM) (Entered: 12/20/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/03/2014 10:39:27 | | | |
| **PACER Login:** | gr0084 | **Client Code:** | mgt-8010110 |
| **Description:** | Docket Report | **Search Criteria:** | 2:13-cv-01303-KJD-CWH |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

1  MARC P. COOK

2  BAILUS COOK &KELESIS, LTD.
   517 South 9th Street
3  Las Vegas, NV 89101
   Telephone: (702) 737-7702
4  Facsimile: (702) 737-7712
   Email: cnklawfirm@aol.com
5

6  *Attorneys for Plaintiff*

7                    **UNITED STATES DISTRICT COURT**
8                       **DISTRICT OF NEVADA**

9  JESSICA BEELL, individually on her
   ownbehalf and on behalf of all others similarly    Case No.
10 situated,

11              *Plaintiff*,
                                                       **CLASS ACTION COMPLAINT**
12        v.

13 FIRST NATIONAL COLLECTION
   BUREAU, INC., a Nevadacorporation,
14
                *Defendant*.
15

16

17          **CLASS ACTION COMPLAINT AND JURY DEMAND**

18         Plaintiff Jessica Beell brings this class action complaint against Defendant First National

19 Collection Bureau, Inc., to stop Defendant's practice of making unsolicited phone calls to the

20 cellular telephones of consumers nationwide, and to obtain redress for all persons injured by its

21 conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to

22 herself and her own acts and experiences, and, as to all other matters, upon information and belief,

23 including investigation conducted by her attorneys.

24                       **NATURE OF THE ACTION**

25         1.      Defendant First National Collection Bureau, Inc. is debt collector working in

26 conjunction with such retailers as Verizon.

27

28
                                         1

1       2.     In its collection efforts, Defendant engages in unlawful and unfair debt collection

2 practices, including harassing borrowers with telephone calls at all hours of the day.

3       3.     Defendant repeatedly made unsolicited telephone calls to Plaintiff's and the other

4 putative Class member's cellular telephones in violation of the Telephone Consumer Protection

5 Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

6       4.     Neither Plaintiff Beell, nor the other members of the proposed Class, ever provided

7 the cellular telephone numbers on which they received calls to Defendant for any purpose, nor did

8 they consent to have Defendant make telephone calls to those telephone numbers.

9       5.     By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff

10 and the members of the Class actual harm, including the aggravation and nuisance that necessarily

11 accompanies the receipt of unsolicited and harassing telephone calls, and the monies paid to their

12 wireless carriers for the receipt of such telephone calls.

13       6.     The TCPA was enacted to protect consumers from unsolicited phone calls exactly

14 like those alleged in this case. Defendant made these calls despite the fact that neither Plaintiff

15 Beell, nor the other members of the putative Class, ever provided their cellular telephone numbers

16 to Defendant or any other entity for any purpose related to a debt, and never provided Defendant

17 consent to be called on their cellular telephones.

18       7.     In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and

19 seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an

20 award of statutory damages to the members of the Class under the TCPA, together with costs and

21 reasonable attorneys' fees.

22                             **PARTIES**

23       8.     Plaintiff Jessica Beell is a natural person and citizen of the State of Washington.

24       9.     Defendant First National Collection Bureau, Inc. is a corporation organized and

25 existing under the laws of the State of Nevada with its principal place of business located at 3631

26

27

28

1    10.    Warren Way, Reno, Nevada 89509. First National Collection Bureau does business

2    throughout the United States and in this District.

3                          **JURISDICTION AND VENUE**

4    11.    This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331,

5    as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is

6    a federal statute.

7    12.    The Court has personal jurisdiction over Defendant and venue is proper in this

8    District because Defendant is incorporated under the laws of the State of Nevada and its principal

9    place of business is located in this District.

10                        **COMMON FACTUAL ALLEGATIONS**

11    13.    Defendant placed and continues to place repeated and harassing phone calls to

12    consumers who allegedly owe a debt held by Defendant, or held by a third party on whose behalf

13    Defendant is acting, and who never provided the number called to Defendant or the third party.

14    Instead, Defendant acquires phone numbers through various means such as "skip tracing" or

15    "number trapping."

16    14.    Defendant has placed calls for the purpose of debt collection to thousands of

17    consumers in the past four years.

18    15.    In or around 2002, Plaintiff purchased a cellular telephone from Verizon. The

19    cellular telephone did not work properly and, within one month of her purchase, Plaintiff returned

20    the phone and did not purchase another.

21    16.    In or around 2012, a debt of $1,026 appeared on Plaintiff's credit report from

22    Verizon. This debt incorrectly stems from Plaintiff's 2002 Verizon purchase. Plaintiff does not owe

23    any money to Verizon associated with her purchase of a cellular telephone.

24    17.    Approximately three months after Plaintiff noticed the debt on her credit report, the

25    debt became associated with Pinnacle Credit Services, instead of Verizon.

26

27

28

                                    3

1       18.    Thereafter, in or around November 2012, Plaintiff received at least five calls from

2 Defendant on her cellular telephone for the purpose of trying to collect the alleged debt.

3       19.    Plaintiff never provided her telephone number to Defendant or Verizon (nor non-

4 party Pinnacle Credit Services), never consented to receive telephone calls from Defendant or

5 Verizon at that number, did not provide that telephone number at the time she purchased a phone

6 from Verizon, and did not provide that telephone number to Defendant, Pinnacle Credit Services, or

7 Verizon in any other capacity at the time Plaintiff received the phone and allegedly incurred the

8 debt.

9       20.    The calls Plaintiff received were made using equipment that had the capacity to store

10 or produce telephone numbers to be called using a random or sequential number generator, and to

11 dial such numbers. Additionally, Defendant's calls utilized interactive voice recognition

12 technology, also known as a predictive dialer, wherein a machine places calls, and when a

13 consumer answers the phone there is a noticeable pause prior to being connected to a live

14 representative of Defendant. This technology dials several numbers simultaneously and connects

15 the call to only those who answer first.

16       21.    Defendant was and is aware that the above described telephone calls were and are

17 being made to consumers without those consumers' prior express consent.

18                                 **CLASS ALLEGATIONS**

19       22.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and

20 23(b)(3) on behalf of herself and a class (the "Class") defined as follows:

21           All individuals in the United States who (1) received a telephone call; (2) made by or
           on behalf of Defendant First National Collection Bureau, Inc.; (3) on a cellular
22           telephone number; (4) that the call recipient did not provide directly to Defendant or
           a third party lender, creditor, or retailer at the time he or she allegedly incurred the
23           debt underlying the telephone call.

24       23.    **Numerosity**: The exact number of Class members is unknown and not available to

25 Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and

26 belief, Defendant has made telephone calls to tens of thousands of consumers who fall into the

27

28

1  definition of the Class. Class members can be identified through Defendant's records.

2       24.    **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class,

3  in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform

4  wrongful conduct and unsolicited telephone calls.

5       25.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect

6  the interests of the Class, and has retained counsel competent and experienced in complex class

7  actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses

8  unique to Plaintiff.

9       26.    **Commonality and Predominance**: There are many questions of law and fact

10  common to the claims of Plaintiff and the Class, and those questions predominate over any

11  questions that may affect individual members of the Class. Common questions for the Class

12  include, but are not necessarily limited to the following:

13            (a)    whether Defendant's conduct constitutes a violation of the TCPA;

14            (b)    whether the equipment Defendant used to make the telephone calls in

15                  question was an automatic telephone dialing system as contemplated by the

16                  TCPA;

17            (c)    whether Defendant systematically made telephone calls to persons who did

18                  not previously provide Defendant with their prior express consent to receive

19                  such telephone calls;

20            (d)    whether Class members are entitled to treble damages based on the

21                  willfulness of Defendant's conduct.

22       27.    **Superiority**: This case is also appropriate for class certification because class

23  proceedings are superior to all other available methods for the fair and efficient adjudication of this

24  controversy since joinder of all parties is impracticable. The damages suffered by the individual

25  members of the Class will likely be relatively small, especially given the burden and expense of

26  individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would

27

28

1    be virtually impossible for the individual members of the Class to obtain effective relief from

2    Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it

3    would still not be preferable to a class action, because individual litigation would increase the delay

4    and expense to all parties due to the complex legal and factual controversies presented in this

5    Complaint. By contrast, a class action presents far fewer management difficulties and provides the

6    benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court.

7    Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

8                                    **COUNT I**
                            **Violation of the TCPA, 47 U.S.C. § 227**
9                            **(On behalf of Plaintiff and the Class)**

10          28.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth

11   herein.

12          29.    Defendant made unsolicited telephone calls to cellular telephone numbers belonging

13   to Plaintiff and the other members of the Class without their prior express consent to receive such

14   calls.

15          30.    Defendant made the telephone calls, or had them made on its behalf, using

16   equipment that had the capacity to store or produce telephone numbers to be called using a random

17   or sequential number generator, and to dial such numbers.

18          31.    Defendant and its agents utilized equipment that made, or had made on its behalf, the

19   telephone calls to Plaintiff and other members of the Class simultaneously and without human

20   intervention.

21          32.    By making, or having made on its behalf, the unsolicited telephone calls to Plaintiff

22   and the Class's cellular telephones without prior express consent, and by utilizing an automatic

23   telephone dialing system, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

24          33.    As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class

25   suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on

26   their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of

27

28

1 | $500 in damages for each such violation of the TCPA.

2 |     34.    Should the Court determine that Defendant's conduct was willful and knowing, the

3 | Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by

4 | Plaintiff and the other members of the Class.

5 | **PRAYER FOR RELIEF**

6 |     WHEREFORE, Plaintiff Jessica Beell, individually and on behalf of the Class, prays for the

7 | following relief:

8 |     1.    An order certifying the Class as defined above, appointing Plaintiff Jessica Beell as

9 | the representative of the Class, and appointing her counsel as Class Counsel;

10 |     2.    An award of actual and statutory damages;

11 |     3.    An injunction requiring Defendant to cease all unsolicited telephone calling

12 | activities, and otherwise protecting the interests of the Class;

13 |     4.    An award of reasonable attorneys' fees and costs; and

14 |     5.    Such other and further relief that the Court deems reasonable and just.

15 | **JURY DEMAND**

16 |     Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: July 23, 13

**JESSICA BEELL**, individually and on behalf of all others similarly situated,

By:   /s/ Marc P. Cook
    One of her Attorneys

    MARC P. COOK
    cnklawfirm@aol.com
    BAILUS COOK &KELESIS, LTD.
    517 South 9th Street
    Las Vegas, NV 89101
    Telephone: (702) 737-7702