Jay Edelson*
jedelson@edelson.com
Rafey S. Balbanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Christopher L. Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

* *Pro Hac Vice* to be filed

*Attorneys for Plaintiff and the Putative Class*

Gary J. Lorch (Admitted *Pro Hac Vice*)
glorch@gordonrees.com
Gordon & Rees LLP
633 W. Fifth Street, 52nd Floor
Los Angeles, California 90071
Tel: 213.576.5000

*Attorney for Defendant*

[Additional counsel included in signature block.]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JESSICA BEELL, individually on her own behalf and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>FIRST NATIONAL COLLECTION BUREAU, INC., a Nevada corporation,<br><br>*Defendant.* | Case No. 2:13-cv-01303-KJD-CWH<br><br>**STIPULATED DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER - SPECIAL SCHEDULING REVIEW REQUESTED** |

1    Pursuant to Federal Rule of Civil Procedure 26 and District of Nevada Local Rule 26-1,

2  Plaintiff Jessica Beell ("Beell") and Defendant First National Collection Bureau, Inc. ("FNCB" or

3  "Defendant") (collectively, the "Parties"), hereby jointly submit the following Stipulated Discovery

4  Plan and Scheduling Order, with a special scheduling review requested.

5    Additionally, the instant action is one of not less than four (4) cases involving similar

6  allegations filed against Defendant in different jurisdictions. The parties in each action have

7  conferred on the potential transfer and consolidation of all such cases, and on February 3, 2014,

8  Defendant filed a motion before the Multi-District Panel ("MDL") to coordinate three of the four

9  pending cases. Pursuant to the MDL, responses to the motion are due to be filed on or before

10  February 25, 2014. In light of such efforts, Defendant submits that the commencement of discovery

11  should be delayed for ninety (90) days to permit for the coordination and consolidation of the

12  various matters, so as to minimize the burdens on Defendant, plaintiffs, and their counsel, as well as

13  the court systems.

14    Plaintiff agrees that coordination and consolidation of the actions may be the most efficient

15  way to proceed with these matters. However, she disagrees that a ninety (90) day delay of discovery

16  is necessary for several reasons. First, though Defendant only recently filed its motion before the

17  Judicial Panel on Multidistrict Litigation ("JPML") to transfer and consolidate each of the pending

18  cases, the next hearing of the JPML is set to convene on March 27, 2014 and therefore, a decision

19  on where this litigation will proceed will likely be rendered before ninety (90) days have elapsed.

20  Moreover, given the similarity of the cases and the information the parties will ultimately seek

21  through discovery in each proceeding, discovery in this case now is unlikely to cause any additional

22  burden or expense, as the information to be collected and produced will ultimately be the same for

23  every case. Indeed, proceeding with discovery would foster efficiency and avoid unnecessary

24  delays in the litigation more generally.

25

26

27

28

## I.      ITEMS REQUIRED UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)

### A.      Rule 26(a)(1) Disclosures

The Parties have agreed to exchange their respective Rule 26(a)(1) initial disclosures no later than February 18, 2014.

### B.      Subjects of Discovery

Both class certification and merits discovery (at least as to the named Plaintiff, depending on the results of the motion for class certification) will be required in this case, and the Parties disagree on whether discovery should be completed in phases.

**1.      Plaintiff's Position:** Plaintiff Beell anticipates taking discovery on the following non-exhaustive list of topics: (1) the total number and identity of individuals to whom FNCB and/or its agents made the unauthorized telephone calls at issue; (2) the total number of calls FNCB and/or its agents made to those individuals; (3) the methods by which FNCB and/or its agents obtained the telephone numbers called; (4) the equipment FNCB and/or its agents used to make the telephone calls; (5) any records of consent to make the telephone calls that FNCB and/or its agent(s) maintain; (6) any policies or procedures maintained by FNCB and/or its agents related to making the telephone calls; (7) contracts exchanged between FNCB and its agents related to making the telephone calls; and (8) communications between FNCB and its agents related to making the telephone calls.

Plaintiff does not believe that bifurcating discovery between class and merits issues is the most efficient way to proceed with this matter. Plaintiff's claims and those of the putative class stem from the same common course of conduct—namely, Defendant's (and/or its agents') use of an automatic telephone dialing system(s) ("ATDS") to repeatedly call each of them without first obtaining their consent. Thus, the information needed to establish whether Defendant is actually liable for the alleged conduct will necessarily and significantly overlap with the information necessary to establish that the requisites to class certification have been satisfied in this case. By way of example, while Plaintiff needs to establish that Defendant used an ATDS to ultimately

1   prevail on her claim, she also needs to establish that Defendant's use of that ATDS was a

2   standardized practice among class members.

3        Moreover, such phased discovery presents the real possibility of creating additional disputes

4   between the Parties—e.g., with respect to what information relates to class issues versus merits

5   issues—thus, further delaying the proceedings and perhaps requiring the Court's intervention where

6   it would not otherwise be needed. Accordingly, Plaintiff proposes that all discovery (both class and

7   merits) move forward together.

8        **2.**     **Defendant's Position:**  Defendant currently anticipates taking discovery on

9   the following non-exhaustive list of topics: the adequacy of the Class representative and consent

10  provided by Plaintiff and any and all other purported Class Representative, as well as other

11  members of the putative class.

12       Defendant submits that any discovery to be conducted prior to the filing of any motion for

13  class certification should be limited to certification issues, *e.g.*, the number of class members,

14  existence/non-existence of common questions, typicality of claims, etc., and that "merits" discovery

15  should be deferred until after the Court has ruled on any motion for class certification.

16       **C.     Form and Disclosure of Electronically Stored Information**

17       Plaintiff has provided to FNBC a proposed ESI protocol and the Parties have agreed to

18  further discuss and craft an appropriate stipulation, subject to the Court's approval, governing: (1)

19  the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be

20  preserved and produced; (3) the formats for preservation and production of ESI; (4) the protection

21  of confidential and proprietary information; (5) the procedures for handling inadvertent production

22  of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of

23  Evidence; and (6) any other relevant ESI issues that may arise.

24       **D.     Issues about Claims of Privilege**

25       FNCB has provided to Plaintiff a draft proposed protective order, and the Parties have

26  discussed and intend to submit to the Court for its review and approval a proposed protective order

27

28

1   governing the production and handling of confidential, proprietary, and otherwise sensitive

2   discovery materials in this matter.

3        **E.     Changes and Limitations on Discovery**

4        The Parties agree that discovery should proceed according to the presumptive limits set by

5   the Federal Rules of Civil Procedure.

6   **II.     ITEMS REQUIRED UNDER DISTRICT OF NEVADA LOCAL RULE 26-1(e)**

7        Defendant FNCB answered Plaintiff's complaint on September 23, 2013 (Dkt. 8), making

8   the default discovery deadline March 22, 2014. The Parties agree that a change from the default

9   time period in which to complete discovery under Local Rule 26-1(e)(1) from one hundred eighty

10   (180) days to a longer period is appropriate because this case is brought as a putative class action

11   and may ultimately involve both class and merits discovery, expert discovery, and likely third-party

12   discovery. Plaintiff proposes that *all* discovery be completed within approximately three hundred

13   thirty-three (333) days. Defendant proposes that class-related discovery be completed within three

14   hundred thirty-three (333) days and that merits discovery be completed within one hundred eighty

15   (180) days after the Court rules on the motion for class certification. Furthermore, the Parties agree

16   that a deviation from the default pretrial deadlines for dispositive motions, the pretrial order, and

17   Rule 26(a)(3) disclosures is also appropriate, because they must ultimately brief Plaintiff's

18   anticipated motion for class certification and, should the Court certify the proposed class, engage in

19   additional expert discovery relating to the merits of the case prior to filing dispositive motions. As

20   such, the Parties propose the following schedule of discovery and general case deadlines:

21
22
23
24
25
26
27
28

| EVENT | PLAINTIFF'S PROPOSED DEADLINE | DEFENDANT'S PROPOSED DEADLINE |
|---|---|---|
| *Deadline to Complete Class and Merits Discovery* | August 22, 2014 | August 22, 2014 for class discovery, with merits discovery to be completed 180 days from ruling on Motion for Class Certification |

| | |
|---|---|
| *Deadline to Amend Pleadings and Add Parties* | February 20, 2014 |
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Class Certification* | August 20, 2014 |
| *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Class Certification* | September 19, 2014 |
| *Deadline for Completion of Expert Discovery Relating to Class Certification* | October 10, 2014 |
| *Plaintiff's Deadline to File Motion for Class Certification* | October 20, 2014 |
| *Defendant's Deadline to File Opposition to Motion for Class Certification* | November 19, 2014 |
| *Plaintiff's Deadline to File Reply in Support of Motion for Class Certification* | December 3, 2014 |
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Merits Issues* | Four (4) weeks following the Court's Order on class certification |
| *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Merits Issues* | Eight (8) weeks following the Court's Order on class certification |
| *Deadline to File Dispositive Motions* | Fourteen (14) weeks following the Court's Order on class certification |
| *Deadline for Filing Joint Pretrial Order and Fed. R. Civ. P. 26(a)(3) Disclosures* | TBD |

| | |
|---|---|
| *Pretrial Conference* | TBD |
| *Motion in Limine Hearing Date* | TBD |
| *Trial to Begin* | TBD |

Respectfully submitted,

**JESSICA BEELL**, individually and on behalf of all others similarly situated,

Dated: February 11, 2014

By: ___/s/ Marc P. Cook_____
       One of Plaintiff's Attorneys

Jay Edelson*
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Christopher L. Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Marc P. Cook
cnklawfirm@aol.com
BAILUS COOK & KELESIS, LTD.
517 South 9th Street
Las Vegas, Nevada 89101
Tel: 702.737.7702

* *Pro Hac Vice* to be filed

**FIRST NATIONAL COLLECTION BUREAU, INC.,**

Dated:  February 11, 2014

By:  /s/ Stephanie J. Smith_____
        One of Defendant's Attorneys

Stephanie J. Smith
sjsmith@gordonrees.com
Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

1

Tel: 702.577.9300
Fax: 702.255.2858

2

Gary J. Lorch (Admitted *Pro Hac Vice*)
glorch@gordonrees.com

3

Gordon & Rees LLP
633 W. Fifth Street, 52nd Floor

4

Los Angeles, California 90071
Tel: 213.576.5000

5

6

**IT IS SO ORDERED.**

7

ENTERED: _____

8

_____
THE HONORABLE CARL W. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28