1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

IN RE: FIRST NATIONAL COLLECTION
BUREAU, INC. TELEPHONE CONSUMER
PROTECTION ACT (TCPA) LITIGATION


ALL CASES

MDL No. 2527

Case No. 2:14-CV-557-KJD-CWH
(Base File)

Case No. 2:14-CV-544-KJD-CWH
Case No. 2:14-CV-556-KJD-CWH
Case No. 2:13-CV-1303-KJD-CWH

**PRACTICE AND PROCEDURE ORDER**

This Order governs the practice and procedure in the actions transferred to this Court by the Judicial Panel on Multidistrict Litigation by the Transfer Order (#1). Those actions are listed on Schedule A of the Transfer Order (#1) and appended to this Order. This Order also governs all related actions transferred or removed to this Court, as well as any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation and any related actions subsequently filed in, or transferred or removed to this Court.

**I. Consolidation of Actions**

Pursuant to Fed. R. Civ. P. 42(a) and 28 U.S.C. § 1407, the actions listed in Schedule A are consolidated for pretrial proceedings until such time as the actions shall be remanded to their transferor courts for trial. These consolidated actions and any similar actions that may be consolidated later with these actions shall be collectively referred to as "*In re: First National Collection Bureau, Inc., Telephone Consumer Protection Act (TCPA) Litigation*," MDL No.

2527, Case No. 2:14-CV-557-KJD-CWH.

**II. Master Docket, Master File, and Separate Action Dockets**

A Master Docket and Base File are hereby established for the consolidated proceedings filed in or transferred to this Court as part of MDL No. 2527. The Base File is Case No. 2:14-CV-557-KJD-CWH, *In re: First National Collection Bureau, Inc., Telephone Consumer Protection Act (TCPA) Litigation.* The Clerk of Court shall file this Order in the Master File, and in the separate file of each action which is or may be consolidated with MDL No. 2527. Separate dockets and files shall be maintained for each action consolidated with MDL No. 2527.

**III. Attorney Appearances, Registration, Etc.**

A. Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court.

B. No parties to any of these actions shall be required to obtain local counsel in this District and the requirements of Local Rule IA 10-2 are waived as to any attorney appearing in these actions who is duly admitted to practice and in good standing before any United States District or Appellate Court. Accordingly, pro hac vice motions shall not be required for such counsel.

C. All counsel are required to register and abide by the Electronic Filing Procedures pursuant to Special Order #109 for the District of Nevada.

**IV. Filing**

A. Generally

i. All filings in any of these actions shall be filed with the Clerk of this Court and not with the transferor district court.

ii. All filings must in an electronically searchable format.

iii. Where counsel for more than one party plan to file substantially identical papers, they shall join in the submission of such papers and shall file only one paper on behalf of all so joined.

1    B. Captions

2    All pleadings and motions shall bear the following caption:

3

4    **UNITED STATES DISTRICT COURT**

5    **DISTRICT OF NEVADA**

6    \* \* \*

7    IN RE: FIRST NATIONAL COLLECTION            MDL No. 2527
     BUREAU, INC. TELEPHONE CONSUMER
8    PROTECTION ACT (TCPA) LITIGATION            Case No. 2:14-CV-557-KJD-CWH
                                                 (Base File)
9    THIS DOCUMENT RELATES TO:

10

11   When a document relates to all the actions consolidated here, the line below "THIS

12   DOCUMENT RELATES TO:" will read "ALL CASES." When the document does not

13   relate to all the consolidated actions, the relevant individual docket numbers assigned by the

14   Clerk of this Court shall be listed below "THIS DOCUMENT RELATES TO:."

15   C. CM/ECF

16   Pursuant to Special Order #109, all documents filed in connection with these MDL

17   proceedings shall be filed electronically. It shall be the responsibility of counsel for all parties to

18   comply with Special Order #109 and register with the Case Management/Electronic Case Filing

19   (CM/ECF) system in the District of Nevada. Further instructions for registration may be obtained

20   from the Court's website at www.nvd.uscourts.gov.

21   **V. Rules of Procedure**

22   A. Except as otherwise provided by this Court, the Federal Rules of Civil Procedure and

23   the Local Civil Rules for the United States District Court for the District of Nevada shall govern

24   all proceedings herein.

25   B. All discovery proceedings in these actions are stayed until further Order of this Court

26   and the time requirements to perform any acts or file any papers pursuant to Federal Rules of

1    Civil Procedure 26 and 37, and Local Rule of Civil Practice 26-1 are tolled until the first Pretrial

2    Conference at which time a discovery schedule will be established.

3          C. Any Orders including protective orders previously entered by this Court or any

4    transferor court shall remain in full force and effect unless modified by this Court upon

5    application.

6          D. Hearings shall not be held on any motions filed except by Order of the Court upon

7    such notice as the Court may direct.

8    **VI. Preparation for the First Pretrial Conference**

9          A. Co-Lead Counsel

10         Prior to the first pretrial conference, counsel for each group of parties whose interests are

11   similarly aligned shall designate two (2) Co-Lead Counsel, subject to the approval of the Court.

12   Plaintiffs' Co-Lead Counsel shall have sole authority over the following matters on behalf of all

13   Plaintiffs in actions consolidated in MDL No. 2527: (1) convening meetings of counsel for the

14   parties; (2) initiation, response, scheduling, briefing and argument of all motions; (3) the scope,

15   order, and conduct of all discovery proceedings; (4) the retention and preparation of experts; (5)

16   delegation of work assignments to other counsel as Co-Lead Counsel shall deem appropriate; (6)

17   designation of counsel to appear at hearings and conferences with the Court; (7) the timing and

18   substance of any settlement negotiation with Defendants; (8) communications between the Court

19   and other Plaintiffs' counsel, including receiving and distributing notices, orders, motions, and

20   briefs on behalf of the group; and (9) otherwise assisting in the coordination of activities and

21   positions. No motion, discovery request, or other pre-trial proceeding shall be initiated by any

22   Plaintiff except through Plaintiffs' Co-Lead Counsel.

23         Plaintiff's Co-Lead Counsel shall have sole authority to communicate with Defendants

24   and the Court on behalf of all Plaintiffs in these actions. Agreements made between Plaintiffs'

25   Co-Lead Counsel and Defendants shall be binding upon all counsel in these actions. Plaintiffs'

26   Co-Lead Counsel shall reasonably coordinate with Defendants in scheduling depositions so as to

4

1  avoid subjecting witnesses to duplicative depositions in the various actions.

2      Plaintiffs' Co-Lead Counsel shall direct all Plaintiffs' counsel to submit a periodic record

3  of time expended on this litigation. Counsel who anticipate seeking an award of attorneys' fees

4  from the Court shall keep daily time records of their time spent and expenses incurred in

5  connection with this litigation, indicating with specificity the hours and particular activity.

6  Failure to maintain and timely submit such records may, at the time of any fee allocation, be

7  grounds for denying fees to that attorney. Insufficient description of hourly activity may likewise

8  be a ground for denying fees.

9      B. Service of All Papers

10  Prior to the first pretrial conference, service of all papers shall be made on each of the attorneys

11  of record in the Base File, Case No. 2:14-CV-557-KJD-CWH. At the first pretrial conference,

12  the parties shall present to the Court a list of designated attorneys for purposes of service. Only

13  one attorney for each party separately represented shall be included on this list.

14      C. Schedule and Agenda for First Pretrial Conference

15      All other matters will be discussed at the first Pretrial Conference to be held on June 16,

16  2014 at 9:00am in Courtroom 3C before Judge Hoffman. Counsel shall file suggestions for items

17  to be included on the agenda no later than two weeks prior to this Conference.

18  **VII. Communication Among Counsel**

19      The Court recognizes that cooperation by and among Plaintiffs' counsel and by and

20  among Defendants' counsel is essential for the orderly and expeditious conduct of this litigation.

21  The communication of information among and between Plaintiffs' counsel, or among and

22  between Defendants' counsel, shall not be deemed a waiver of the attorney-client privilege or the

23  protection afforded attorneys' work product, to the extent that such communications fall within

24  the ambit of the attorney-client privilege, the work-product doctrine, and/or the common interest

25  doctrine, and the cooperative efforts contemplated herein shall not in any way be used against

26  any party to obtain discovery or other information that would otherwise be protected from

5

1    disclosure. Nothing contained in this provision shall be construed to limit the rights of any party

2    or counsel to assert any of the above referenced doctrines.

3    **VIII. Miscellany**

4        A. These proceedings are before United States District Judge Kent J. Dawson and the

5    Honorable Carl W. Hoffman, United States Magistrate Judge. All pre-trial non-dispositive

6    matters shall be addressed to Judge Hoffman. All other matters shall be addressed to Judge

7    Dawson.

8        B. Questions regarding filing and docketing of papers in the above action shall be directed to

9    Summer Rivera, Docket Clerk at 702-464-5557.

10       C. Questions regarding conducting hearings or the status of motions filed shall be directed to

11   Denise Saavedra, Courtroom Administrator at 702-464-5467.

12       D. The Court will be guided by the <u>Manual for Complex Litigation, Fourth</u> published by the

13   Federal Judicial Center in 2004. Counsel are directed to familiarize themselves with that

14   publication.

15

16       DATED this 1st day of May 2014.

17

18

19                                                          _____

20                                                          Kent J. Dawson
                                                            United States District Judge

21

22

23

24

25

26

6

1

**SCHEDULE A**

2

3

     <u>Eastern District of California</u>

4

NEAL V. FIRST NATIONAL COLLECTION BUREAU, INC., C.A. No. 2:13-01206

5

     <u>Southern District of California</u>

6

HUNTER V. FIRST NATIONAL COLLECTION BUREAU, INC., C.A. No.

7

     3:13-01515

8

     <u>District of Nevada</u>

9

BEELL V. FIRST NATIONAL COLLECTION BUREAU, INC., C.A. No. 2:13-01303

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26